IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONALD LEWIS COACHMAN, #283119,      )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )     CIV. ACT. NO. 1:13-CV-646-WHA
                                      )              [WO]
                                      )
HENRY COUNTY COMMISSIONERS,)
et al.,                               )
                                      )
        Defendants.                   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Ronald Lewis Coachman, ["Coachman"], a

state inmate, alleges that the defendants acted with deliberate indifference to his

safety and medical needs during his previous incarceration at the Henry County Jail.[1]

Specifically, Coachman maintains that a screw from a handicap ramp remained in the

floor of the shower area causing him to fall and injure his leg.  Coachman also alleges

that the defendants denied him adequate medical treatment for the injury to his leg.

Coachman seeks declaratory relief and monetary damages for the alleged violations

of his constitutional rights.

---

[1] Coachman was transferred from the Henry County Jail to the custody of the Alabama Department of
Corrections on May 7, 2012 and has remained in state custody since such transfer.

Upon review of the complaint, the court concludes that Coachman's claims against the Henry County Commissioners and his allegations of deliberate indifference against Jail Administrator Keith Cauthen are subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[2]

## II.  DISCUSSION

### A.  The County Commissioners

Coachman names Jo Ann Smith, Billy Barnes, Tommy Jones, Kip Platt, Roger Scott and Franklin "Brother" Swan, all members of the Henry County Commission, as defendants in this cause of action.  To the extent Coachman seeks to hold the commissioners of Henry County liable under 42 U.S.C. § 1983 for conditions at the Henry County Jail and the medical treatment provided to him during his confinement in the jail, he is entitled to no relief.  "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.'  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (*citing Monell*

---

[2] Except for requiring payment of an initial partial filing fee as directed by 28 U.S.C. § 1915(b)(1)(A), the court granted Coachman leave to proceed *in forma pauperis* in this cause of action.  *Order of September 16, 2013 - Doc. No. 5* at 3.  The complaint is therefore subject to screening in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which require that despite payment of any portion of the filing fee the court may dismiss a prisoner's claims prior to service of process if the claims are frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))."   *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11ᵗʰ Cir. 1998). Consequently, "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Id.* 1292.  In deciding whether a county commission and its members are liable under § 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-785, 117 S.Ct. 1734, 1736 (1997) (*quoting Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)).  State law is well settled that "an Alabama sheriff [and, by extension, the jail administrator] act[] exclusively for the state rather than for the county in operating a county jail." *Turquitt*, 137 F.3d at 1288.[3]

As is clear from the foregoing, "Alabama sheriffs [and jail personnel] are not county policymakers in their daily management of county jails." *Turquitt*, 137 F.3d at 1292.  "For § 1983 liability to attach to a county [and/or its commissioners], the

---

[3] Under all facets of Alabama law, a county sheriff and his jail staff act as state officers "when supervising inmates and otherwise operating the county jails." *Turquitt*, 137 F.3d at 1289; *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the sheriff's authority [and that of his jail staff] over the jail is totally independent of the [county commission].)"

policy at issue must have been made by a person who exercises final authority on behalf of the county with respect to that policy. *See McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736. Alabama law, however, clearly demonstrates that sheriffs [and jail personnel] possess only state policymaking authority when running the day-to-day affairs of a jail. *See Turquitt*, 137 F.3d at 1291-92." *Vinson v. Clarke County*, 10 F.Supp.2d 1282, 1295-1296 (S.D. Ala. 1998). Moreover, a county commission and its individual members are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance and operation of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998). Thus, the plaintiff's claims against individual members of the Henry County Commission with respect to conditions present at the Henry County Jail and/or medical treatment provided to inmates while confined at the jail are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### B.  The Claims for Relief - Dismissal as Malicious

A federal court is empowered to dismiss a prisoner's *in forma pauperis* complaint as malicious and the "district court is vested with especially broad discretion in determining whether such a dismissal is warranted." *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988). The present claims of deliberate indifference

relate to the same set of facts and circumstances as the claims presented in *Coachman v. Maddox*, Case No. 1:12-CV-471-TMH-CSC (M.D. Ala. 2012).  A complaint is malicious when the plaintiff asserts against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit."  *Id*.; *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th  Cir. 1995) (*in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and summarily dismissed as either frivolous or malicious under § 1915); *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (section 1983 complaint which consisted of the same claims presented by plaintiff in prior cause of action properly dismissed as frivolous); *Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir. 1975) (complaint "which deals with issues directly related, if not identical, to" previously filed complaint subject to summary dismissal as frivolous); *Bazemore v. Casey*, 433 Fed. Appx.  326, 327 (5th Cir. 2011) (affirming district court's "dismissal of case as malicious because the instant case and plaintiff's prior case involve 'the same series of events' and contain 'many of the same facts.'").  "Dismissal of the duplicative lawsuit ... promotes judicial economy and the comprehensive disposition of litigation."  *Adams v. California*, 487 F.3d 684, 692 (9th Cir. 2007).

In Coachman's prior cause of action, this court dismissed the case with prejudice because Coachman failed to properly exhaust the administrative remedy which was available to him during his confinement in the Henry County Jail and the remedy no longer existed at the time he filed the complaint. *Coachman v. Maddox*, Case No. 1:12-CV-471-TMH (M.D. Ala. 2012) - *Recommendation of the Magistrate Judge* at 7-11, adopted as final judgment of the court by order of December 4, 2012 (Doc. No. 21). The circumstances warranting dismissal are unchanged. Consequently, the complaint filed by Coachman in the instant cause of action is malicious and dismissal of such complaint prior to service of process is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *Cato*, 70 F.3d at 1105; *Bailey*, 846 F.2d at 1021.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Henry County Commissioners be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. The plaintiff's claims against Keith Cauthen be summarily DISMISSED as malicious pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

3.  This case be DISMISSED with prejudice.

It is further

ORDERED that **on or before October 29, 2013**, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of October, 2013.


       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE